United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PEDRO MARTIN MOLERO ARANGURE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-406 |
| | § | |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Pedro Martin Molero filed this habeas action while detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. He presents a petition for writ of habeas corpus and requests his immediate release from custody. (Pet., Doc. 1) Petitioner alleges that he has temporary protected status under 8 U.S.C. § 1254a, and that Section 1254a(d)(4) prohibits his detention.

In June, the Supreme Court issued its decision in *Mullin v. Doe*, 146 S. Ct. 2121 (2026), concluding that federal courts lack jurisdiction to review non-constitutional challenges to TPS termination decisions. This Court subsequently requested additional briefing from the parties regarding the impact of *Mullin* on Petitioner's claims. (Order, Doc. 7) The parties timely submitted their supplemental briefs. (*See* Petitioner's Supplemental Br., Doc. 8; Respondents' Supplemental Br., Doc. 9)

In a previous case involving a similar request for habeas relief filed by individuals who claim to hold TPS protection as to Venezuela, the Court denied such relief. *See Nava, et al. v. Warden, et al.*, No. 1:26-CV-230, 2026 WL 3085001 (S.D. Tex. Oct. 15, 2026). Relying upon *Mullin v. Doe*, the Court concluded that the jurisdiction-stripping provision within 8 U.S.C. § 1254a(b)(5)(A) "precludes Petitioners' non-constitutional claims.[,]" meaning that "the Secretary [of Homeland Security's] 2025 Actions remain in effect, rescinding TPS as to Venezuela

for individuals in Petitioners' circumstances." *Nava*, 2026 WL 3085001, at *6–7. The Court also found no merit as to claims under the Fifth Amendment's Due Process Clause, given that such claims were based "on the (faulty) argument that [Petitioners] enjoy TPS protection." *Id.* at *7.

The Court finds that this analysis applies equally in the present matter and adopts the analysis by reference.

Petitioner argues that "[h]e does not ask this Court to postpone or set aside Venezuela's [TPS] termination. He seeks release from unlawful custody and a remedy for unlawful removal[.]" (Petitioner's Suppl., Doc. 8, 3) But Petitioner's custody is not unlawful, as he no longer retains TPS. As a result, Petitioner's challenges based upon his previous status as a TPS recipient are not meritorious.

Petitioner also argues that his "detention violates the Due Process Clause because it is not rationally related to any immigration purpose; because it is not the least restrictive mechanism for accomplishing any legitimate purpose the government could have in imprisoning Petitioner; and because it lacks any statutory authorization." (Pet., Doc. 1, ¶ 45)

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time."). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Court finds the reasoning in these decisions to be persuasive. For

the reasons expressed in those decisions, the Court concludes that Petitioner's detention does not represent a constitutional violation.

Finally, Respondents have informed the Court that Petitioner has been removed from the country. (Motion to Dismiss, Doc. 6) Given that Petitioner no longer possessed TPS protection when removed, his removal cannot form the basis of any cause of action.

As a result, it is:

**ORDERED** that Petitioner Pedro Martin Molero's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**; and

**ORDERED** that Respondents' Motion to Dismiss (Doc. 6) is **DENIED** as moot.

The Clerk of Court is directed to close this case.

Signed on October 20, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge